JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-2159-GW(MRWx) | Date | May 19, 2015 |
|---|---|---|---|

| Title | *The State Bar of California, et al. v. Nina R. Ringgold, Esq., et al.* | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) – RULING ON MOTION TO REMAND [19]**

On March 24, 2015, Nina R. Ringgold, Esq., filed a "Notice and Petition for Removal Under § 3, and §§ 110 of The Civil Rights Act of 1866, 28 U.S.C. § 1443, 28 U.S.C. § 1441, 28 U.S.C. § 1331; Petition Under the All Writs Act (28 U.S.C. § 1651), and for Relief Based on Writ of Quo Warranto, Habeas Corpus, or Other Appropriate Relief" (hereafter "Removal Notice") with a subheading on the caption page of her Removal Notice reading "Actions Removed – All Regulatory and Investigative Causes and/or Proceedings in the state Bar of California."[1] *See* Docket No. 1. Amy P. Lee (together, with Nina R. Ringgold, Esq., "Defendants") joined the Removal Notice on March 24, 2015. *See* Docket No. 2. Plaintiff The State Bar of California ("State Bar" or "Plaintiff") moved to remand the action on April 16, 2015. The removing defendant has the burden of establishing grounds for federal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."); *see also* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial ("Schwarzer & Tashima") § 2:2228, at 2D-10.

The Court finds that the motion to remand can be resolved without oral argument as

---

[1] On May 5, 2015, Defendants filed an ex parte application for a temporary restraining order to prohibit the Plaintiff from prosecuting disciplinary proceedings against them or otherwise disseminating notices as to those proceedings. *See* Docket No. 25. On May 6, 2015, this Court denied said application noting in part that it had concerns as to whether there was subject matter jurisdiction over the lawsuit. *See* Docket No. 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-2159-GW(MRWx)** | Date | May 19, 2015 |
| Title | *The State Bar of California, et al. v. Nina R. Ringgold, Esq., et al.* | Page | 2 of 5 |

allowed under Local Rule 7-15. The Court, for the reasons stated herein, will grant the motion. To begin with, there is either nothing for Defendants to have removed here or, to the extent there is, it is not removable. Defendants insist that there were no actual State Bar disciplinary proceedings pending at the time the Removal Notice was filed, but if that is the case, there is nothing at all for them to have removed. If there *was* a State Bar disciplinary proceeding pending at the time, it is not subject to removal.

Plaintiff has established that State Bar disciplinary proceedings are administrative agency proceedings and subject to review by the California Supreme Court. *See Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 711-12 (9th Cir. 1995); *Rosenthal v. Justices of the Sup. Ct. of Cal.*, 910 F.2d 561, 566-67 (9th Cir. 1990); *In re Rose*, 22 Cal.4th 430, 438-40 (2000). Under the Ninth Circuit's view,[2] removal of state administrative proceedings to federal courts is not permitted by 28 U.S.C. § 1441(a) – which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" – regardless of the nature of the administrative proceedings or the functions of the agency. *See Or. Bureau of Labor & Indus. ex rel. Richardson v. U.S. W. Commc'ns, Inc.*, 288 F.3d 414, 419 (9th Cir. 2002) ("We therefore hold that 28 U.S.C. § 1441(a) does not authorize removal of proceedings from an administrative agency, regardless of how court-like the proceedings may be. The statute authorizes removal only if the action is pending in a state court."); Schwarzer & Tashima § 2:2274, at 2D-14; *see also Alaska Bar Ass'n v. Dickerson*, 240 F.Supp. 732, 734 (D. Alaska 1965) ("The complaint before the Grievance Committee clearly discloses that it is simply a disciplinary proceeding wherein it is alleged that respondent's conduct violated certain rules of the Alaska Bar Association. As such it is not a civil action

---

[2] Defendants' citation to *In re Exhumation of Meriwether Lewis*, 999 F.Supp. 1066 (M.D. Tenn. 1998), is unhelpful to their cause considering the Ninth Circuit's approach.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-2159-GW(MRWx)** | Date | May 19, 2015 |
| Title | *The State Bar of California, et al. v. Nina R. Ringgold, Esq., et al.* | Page | 3 of 5 |

within contemplation of the federal removal statute.").[3]

Seeking to avoid the conclusion that they have removed non-removable disciplinary proceedings, Defendants claim a right to remove a "cause" under The Civil Rights Act of 1866 ("the Act"). Section 3 of that Act provided jurisdiction for "all causes, civil and criminal, affecting persons who are denied or cannot enforce in the courts or judicial tribunals of the State or locality where they may be any of the rights secured to them" by Section 1 of the Act, and provided for a "right to remove such cause." *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 650 (1979) (White, J., concurring); *Mahone v. Waddle*, 564 F.2d 1018, 1032 (3d Cir. 1977). Section 1 secured to all persons, with respect to specified rights, "the same right…as is enjoyed by white citizens." *See Chapman*, 441 U.S. at 650 (White, J., concurring). But, as Justice White explained in his concurrence in *Chapman*, "the jurisdictional provisions of the various Civil Rights Acts were split off and consolidated in the Revised Statutes," leading, eventually, to 28 U.S.C. § 1343. *See id.* at 650-57 (White, J., concurring); *see also Georgia v. Rachel*, 384 U.S. 780, 782, 786 (1966) (referring to the removal provision of the Civil Rights Act of 1866, "a century-old federal law that permits a defendant in state court proceedings to transfer his case to a federal trial court under certain conditions," as now residing in 28 U.S.C. §1443); Evan Tsen Lee, *The Theories of Federal Habeas Corpus*, 72 Wash. Univ. L.Q. 151, 191 (Spring 1994) (indicating that the removal provision of the Civil Rights Act of 1866 is now 28 U.S.C. § 1443); Suzanne Last Stone, *The Preclusive Effect of State Judgments on Subsequent 1983 Actions*, 78 Colum. L. Rev. 610, 624 (1978) (describing "[t]he 1866 grant of federal civil rights removal jurisdiction" as "the predecessor of both the current civil rights removal statute and section 1983"); *Developments in the Law – Section 1983 and Federalism: The Background of*

---

[3] There is no jurisdiction over this matter as a result of 28 U.S.C. § 1331 – "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" – because such jurisdiction must appear on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendants cannot satisfy that requirement here, especially considering their position that there is in fact no "complaint" or anything like it even in existence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-2159-GW(MRWx) | Date | May 19, 2015 |
|---|---|---|---|

| Title | *The State Bar of California, et al. v. Nina R. Ringgold, Esq., et al.* | Page | 4 of 5 |
|---|---|---|---|

*Section 1983*, 90 Harv. L. Rev. 1137, 1148 n.75 (1977)) ("The 1866 civil rights removal provision is the progenitor of the current 28 U.S.C. §1443 (1970)."). Defendants must therefore look, if anywhere, to Section 1443.[4]

Section 1443 reads as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. As a starting point, this Court again observes that State Bar disci-plinary proceedings do not satisfy the "in a State court" element resident within Section 1443 and very likely do not even satisfy the "civil action[]" requirement.

Even assuming those preliminary hurdles are overcome, however, under section 1443(1), Defendants must satisfy a two-part test. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Id.* at 999 (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)).[5] "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts

---

[4] While Defendants assert that "[t]he 1866 Act is independent of 28 U.S.C. Sec. 1443 or other statutory sources of removal," Docket No. 22, at 6:17-18, they provide no citation or authority to that effect.

[5] To the extent that Defendants believe *their clients* have a basis for jurisdiction pursuant to Section 1443 as a result of Plaintiff's actions, that is for *their clients* to raise in *their clients'* "civil actions."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-2159-GW(MRWx)** | Date | May 19, 2015 |
| Title | ***The State Bar of California, et al. v. Nina R. Ringgold, Esq., et al.*** | Page | 5 of 5 |

to ignore the federal rights." *Id.* (quoting *Sandoval*, 434 F.2d at 636). As in *Patel*, however, even assuming Defendants have satisfied the first part of the Section 1443(1) test, they cannot satisfy the second. Especially considering *Hirsh*, *Rosenthal* and *Rose*, they have not supported any allegation that the state courts will not enforce their equal racial civil rights by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights. Nor have they established "an equivalent basis…for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." *Rachel*, 384 U.S. at 788-92.

Removal under Section 1443(2), on the other hand, "is available only to federal officers and to persons assisting such officers in the performance of their official duties," and to state officers. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 815, 824 n.22 (1966); *see also* Schwarzer & Tashima § 2:2921, at 2D-121. Defendants do not satisfy that criteria. *See Sankary v. Ringgold-Lockhart*, ___ Fed. Appx. ___, 2015 WL 1938423 * 1 (9th Cir. Apr. 30, 2015).

To the extent it is even germane here, the All Writs Act, 28 U.S.C. § 1651(a)[6] – listed in the caption of the Removal Notice – does not provide a basis for removal jurisdiction. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 31 (2002); *see also* Schwarzer & Tashima §2:2195, at 2D-5 – 2D-6. In addition, Defendants offer no explanation in their Opposition brief for the propriety of the removal in line with their citation and reference to the "Writ of Quo Warranto" or "Habeas Corpus " in the Removal Notice.

For the foregoing reasons, the Court grants the motion to remand, orders that the present matter be "returned" to State Bar disciplinary proceedings (assuming it has been initiated), and vacates all forthcoming dates in this matter.

---

[6] "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction."